# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DASHON COVERTA STARKS,**

    **Petitioner,**

**v.**                                             **Case No. 8:08-CV-617-T-30TGW**
                                                                          Crim. No. 8:05-CR-478-T-30MSS

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

# ORDER
# and
# NOTICE OF EVIDENTIARY HEARING

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate his sentence pursuant to 28 U.S.C. §2255 (Dkt. #1), the Government's Response (Dkt. #8), and Petitioner's Reply (Dkt. #11). Upon review of the briefs and the underlying criminal proceedings, this Court determines that grounds one, three, and four should be summarily denied, but that it is necessary to have an evidentiary hearing concerning the factual basis of ground two.

## BACKGROUND

On November 10, 2005, Petitioner, Dashon Coverta Starks (hereinafter referred to as "Starks" or "Petitioner") was indicted on one count of conspiracy to possess five grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§846 and 841(b)(1)(B)(iii), one count of possession of five grams or more of

cocaine base with intent to distribute in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. §2, and one count of manufacturing a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C. §2. Docs. cr-1.

On October 27, 2005, Lakeland Police executed a search warrant at 725 East Lime Street, Apt. E. Docs. cr-75 at 13. The search warrant was issued after police made three buys of crack cocaine from co-defendant Anthony Rennard Starks, the brother of Petitioner. Docs. cr-76 at 73. Upon entrance into the above address, Police found Petitioner coming out of the kitchen where cocaine base or "crack" cocaine was being manufactured (cooked). Docs. cr-75 at 19-20, 49-51; cr-76 at 8-9.

Anthony and Petitioner were placed under arrest and interviewed. Docs. cr-75 at 21; cr-76 at 60-61. According to the officers, Lakeland Police read Petitioner his Miranda warnings. Doc. cr-75 at 21; cr-76 at 16, 30, 58. The reading was documented by video and audio recordings. Docs. cr-76 at 30, 58-59. During the interview, Petitioner stated that he lived in the apartment, and he helped pay the rent. *Id*. at 61. He planned to finish cooking the crack cocaine from leftover powdered cocaine he had previously purchased. *Id*.

The video tape recorder used to tape Petitioner's Miranda warnings and interview malfunctioned, but the audio recording did not. Docs. cr-75 at 34; cr-76 at 66. After the interviews were over, Officer Mardola replayed the audio tape for the purpose of completing his report and verifying his notes. Docs. cr-76 at 64-65. The audio recording was later deleted by unknown means. *Id*. at 66. During discovery, the Government turned over the

incident report and notes. Docs. cv-3 at 3.

Anthony Starks, brother and co-defendant of Petitioner, pled guilty to count one of the indictment pursuant to a written plea agreement. Docs. cr-30. Pursuant to this agreement, Anthony assisted the Government in the preparation of its case against Petitioner. *Id*. at 4-5. In addition, the agreement required Anthony to testify against Petitioner if necessary. *Id*.

After a three day jury trial, the jury convicted Petitioner as charged on February 1, 2006. Docs. cr-94 at 4. The court sentenced Petitioner to 360 months imprisonment followed by 96 months supervised release on April 28, 2006. Docs. cr-69 at 7.

Petitioner filed his notice of appeal on May 2, 2006. Docs. cr-61. On direct review, counsel for Petitioner argued that (1) the Federal sentencing guidelines were presumptively unreasonable, (2) the disproportionate crack to cocaine ratio thwarts the purpose of the federal sentencing guidelines, and (3) the career offender provision thwarts the purpose of the federal sentencing guidelines. Docs. cv-2 at 24-26. On February 22, 2007, the Eleventh Circuit Court of Appeals affirmed Petitioner's conviction and sentence. Docs. cr-84. Petitioner did not petition the United States Supreme Court for a Writ of Certiorari.

On April 2, 2008, Petitioner filed this timely 28 U.S.C. §2255 petition to vacate, set aside, or correct his sentence raising the following four grounds:

**Ground One:** Trial counsel's failure to challenge Miranda warnings and move for suppression of subsequent statements amounted to ineffective assistance of counsel.

**Ground Two:** Trial counsel's failure to request *Brady* material and to call an exculpatory witness denied Petitioner of his sixth Amendment rights.

**Ground Three:** Petitioner's due process rights were violated under *Brady* and *Giglio* when the Government failed to disclose oral and written statements of its interview with Anthony Starks.

**Ground Four:** Appellate counsel's raising of frivolous issues on appeal instead of raising obvious issues of trial counsel's ineffectiveness, specifically challenging the legality of the Miranda warnings and moving for a suppression hearing based on the unlawful Miranda warnings, constituted ineffective assistance counsel at the appellate level.

Docs. cv-1; cv-2 at 6, 15, 19, 23.

## DISCUSSION

**Ground One:** Trial counsel's failure to challenge Miranda warnings and move for suppression of subsequent statements amounted to ineffective assistance of counsel.

In support of ground one, Petitioner argues that upon notification by the Government to the defense that certain oral statements made by Petitioner would be used against him in the Government's case, Petitioner "advised his defense counsel that (1) [Petitioner] never gave any statement to the police during his arrest in his brothers [sic] residence and (2) that the police upon executing the warrant never at any point, prior to or after his arrest, administered Miranda [w]arnings and at no point was he presented with a standard Miranda Rights form." Docs. cv-2 at 6.

Under the *Strickland* standard, to show ineffective assistance of counsel the petitioner has the burden to prove that (1) counsel's representation fell below an objective standard of reasonableness and (2) a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would be different. *Strickland v. Washington,* 466 U.S. 668, 689, 694 (1984). The *Strickland* Court further defines the objective standard of reasonableness as reasonable "under prevailing professional norms." *Id.* at 688. Defense counsel is allowed reasonable strategic trial decisions. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1995). Counsel is presumed competent, therefore, a petitioner carries the burden to prove that "counsel's performance was unreasonable." *Chandler v. United States*, 218 F.3d 1305, 1313-1314 (11th Cir. 2000).

Petitioner fails to show an unreasonable trial strategy. In this case, defense counsel made the strategic decision to not put forth petitioner's claim that he was not read his Miranda warnings, but instead attacked the testimony of the witnesses that claimed that the Miranda warnings were read via cross examination. *See e.g., Reinert v. Larkins*, 379 F.3d 76, 94-95 (3rd Cir. 2004) (holding that trial counsel not calling contradictory expert witness, but instead effectively cross-examining the state's witness did not constitute ineffective assistance of counsel).

Even if this trial strategy did not meet the objectively reasonable standard, the petitioner still carries the burden of proving a reasonable probability exists that the result of

the proceeding would have been different but for this strategy. *Strickland*, 466 U.S. at 694. Petitioner claims in his affidavit that he was not read his Miranda warnings. The prejudice prong of the *Strickland* standard as applied here turns on whether, had trial counsel put forth Petitioner's claims from the affidavits, there would have been a reasonable probability that the proceeding would have turned out differently.

Three law enforcement officers testified to the fact that the Miranda warnings were read, despite the malfunctions of the video and audio tapes. Doc. cr-75 at 21; cr-76 at 16, 30, 58. In addition, Officer Mardola testified to listening to the audio tape of the search warrant, Miranda warnings, and interview. Docs. cr-76 at 59, 64. Officer Mardola also documented his listening of the tape and took notes. Docs. cr-76 at 65. Petitioner's affidavit that he was not read his Miranda warnings does not create a reasonable probability that the result of the proceeding would have been different. Petitioner fails the prejudice prong of *Strickland*. Therefore, ground one will be denied.

**Ground Two:**  Trial counsel's failure to request *Brady* Material and failure to call an exculpatory witness denied the Petitioner of his Sixth Amendment rights.

In support of ground two, Petitioner asserts that he informed trial counsel of an interview of Anthony, his brother, upon learning of such interview from Anthony. Petitioner asserts that Anthony's testimony would have been exculpatory as evidenced by Anthony's affidavit filed with the petition. Docs. cv-2 at 15; cv-3 at 3. Thus, Petitioner concludes that a reasonable attorney would have moved for discovery of such interview and would have called on the witness to testify. *Id*. at 16-18. If the motion for discovery had been made and

if counsel had called the witness to testify, Petitioner claims that the result of the proceeding would have been different. *Id.* at 18. The Government claims it turned over a copy of Anthony's statement to defense counsel. Docs. cv-8 at 15. If so, no motion would have been necessary.

Whether defense counsel's not calling Anthony Starks as a witness was a reasonable trial strategy and, if not, whether calling Anthony Starks would have created a reasonable probability that the result of the proceeding would have been different are questions of law and fact which must be resolved by an evidentiary hearing. *Goodwin v. Balkcom*, 684 F.2d. 794, 803. Therefore, an evidentiary hearing will be scheduled on this issue.

**Ground Three:** Petitioner's due process rights were violated under *Brady* and *Giglio* when the Government failed to disclose oral and written statements of its interview with Anthony Starks.

In support of ground three, the Petitioner argues that the Government was under an obligation to turn over evidence of the Anthony Starks interview because it constitutes material, exculpatory evidence and because it creates a reasonable probability of a different outcome. Docs. cv-2 at 19.

Under Fed. R. Crim. P. 16(a)(1)(E), the Government is required to permit inspection and copying of papers and documents "if the item is within the Government's possession, custody, or control and the item is material to preparing the defense, the Government intends to use the item in its case-in-chief at trial, or the item was obtained or belongs to the defendant." To make a *Brady* claim, Petitioner "must prove (1) that the state possessed evidence favorable to the defendant; (2) that he did not possess the evidence nor could he

have obtained it himself with any reasonable diligence; (3) that the prosecution suppressed the favorable evidence; and, (4) that had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different." *United States v. Bailey*, 123 F.3d 1381, 1397 (11th Cir. 1997). Despite the fact that the Government claims that it turned over all material required by the discovery order, under the *Brady* rules the Government is not required "to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself." *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977). Even if the transcripts and notes from the Anthony Starks interview were in control of the Government and not turned over to Petitioner, Anthony Starks was still available for interview by Petitioner and his counsel because Anthony was free on bond. In other words, the information the Petitioner now claims he was denied by the Government was readily available to him. In addition, Petitioner was free to call Anthony to testify during trial.

Petitioner procedurally defaulted this claim because he failed to raise the *Brady* claim both at trial and on appeal. *See Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). Regardless of the default, a petitioner is able to obtain collateral relief based on trial errors to which no objection was made by showing "both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from errors of which he complains." *United States v. Frady*, 456 U.S. 152, 167 (1982). Petitioner can also gain relief under 28 U.S.C. §2255 by showing "that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998). Since the Petitioner does not argue actual innocence, he must prove cause

and actual prejudice.

The first element of cause "ordinarily turns on whether the [petitioner] can show that some objective factor external to the defense impeded counsel" from complying with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish the second element of prejudice, a petitioner has the burden to show "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," not merely a possibility of prejudice. *Frady*, 456 U.S. at 170. Generally, "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. *Strickland*, 446 U.S. at 695-96.

Actual prejudice must result in a substantial disadvantage at trial. In *Strickler v. Greene*, 527 U.S. 263 (1999), the petitioner made a *Brady* claim during a state habeas corpus petition. There, the petitioner had no knowledge that the *Brady* material existed. Despite this fact, the Court denied the habeas petition, in part, because the petitioner could not establish prejudice. Unlike the petitioner in *Strickler* who had no knowledge of the *Brady* material, Petitioner in the instant case had knowledge of the *Brady* material, yet purportedly never sought discovery of such material. Therefore, like *Strickler* where the habeas petition failed because the petitioner could not establish prejudice, Petitioner here fails because he cannot establish prejudice as there was not at an actual and substantial disadvantage since he knew the evidence existed.

Petitioner puts forth two arguments to show cause. First, Petitioner argues that there lacked sufficient record for adequate review. Second, the Petitioner argues that since the Government suppressed exculpatory material, it prevented the trial court from making an evidentiary ruling. Petitioner knew about the interview and the alleged suppressed evidence because he talked to Anthony about the interview and informed counsel. The standard for cause turns on whether there is an objective factor external to the defense that prevents counsel from complying. Since the defense knew of the interview and the evidence, there was no external factor preventing him from raising the issue at trial or on review. Thus, both arguments fail.

In addition, Anthony was cooperating with the Government in its case against Petitioner. This was the most likely reason for Petitioner not calling on Anthony to testify, not formally interviewing Anthony, and not seeking discovery of Anthony's interview. Therefore, for the above reasons, ground three will be denied.

**Ground Four:** Appellate counsel's raising of frivolous issues on appeal instead of raising obvious issues of trial counsel's ineffectiveness, specifically challenging the legality of the Miranda warnings and moving for a suppression hearing based on the unlawful Miranda warnings, constituted ineffective assistance counsel at the appellate level.

In support of ground four, Petitioner argues that "[e]ffective advocacy does not require the appellate attorney to raise ever [sic] non-frivolous issue under the sun; however, the raising of frivolous issues that would have no impact on appellant's sentence deems appellant counsel's performance deficient." Docs. cv-2 at 26. Petitioner argues further that if appellate

counsel would have reviewed the record, appellate counsel would have observed the obvious ineffective assistance of trial counsel as trial counsel failed to challenge the legality of the Miranda warnings and to seek suppression of statements given as a result of unlawful Miranda warnings. *Id*. Instead, Petitioner claims that appellate counsel brought frivolous issues before the reviewing court. *Id*. at 25.

Generally, the *Strickland* standard of ineffectiveness of counsel applies to counsel at the appellate level as well as the trial level. *Eagle v. Linahan*, 279 F.3d 926, 938 (11th Cir. 2001). Appellate counsel is not required to raise every non-frivolous issue. *Heath v. Jones*, 941 F.2d. 1126, 1130 (11th Cir. 1991). In fact, "experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Counsel's failure to bring a meritless issue "cannot prejudice a client." *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). It is not enough that a petitioner show appellate counsel omitted a non-frivolous argument, but a petitioner "may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994). In determining whether claims not brought by appellate counsel were of substantial merit, the test is "to examine the alleged trial errors to see if they contain sufficient merit. . . that appellate counsel can be faulted for not having raised them." *Alvord v. Wainwright*, 725 F.2d. 1282, 1291 (11th Cir. 1984) (*quoting Hooks v. Roberts*, 480 F.2d. 1196, 1197 (5th Cir. 1973)).

In ground one, Petitioner claims that trial counsel's failure to challenge Miranda warnings resulted in ineffective assistance of counsel. This Court denied ground one because three officers testified the Miranda warnings were given and there was not a reasonable probability that the outcome of the trial would have been different. Since this alleged trial error does not contain sufficient merit, appellate counsel cannot be faulted for not having raised it and Petitioner is not prejudiced. Therefore, appellate counsel's performance was not ineffective and ground four will be denied.

## **CONCLUSION**

It is therefore ORDERED and ADJUDGED that:

1. Grounds one, three, and four in Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Dkt. #1) are hereby DENIED.

2. As to ground two, an evidentiary hearing will be held on **WEDNESDAY, MARCH 25, 2009, AT 1:30 P.M.** at the U. S. Sam Gibbons Courthouse, 801 North Florida Avenue, Courtroom #13A, Tampa, Florida 33602. Time reserved: NINETY (90) minutes.

3. The Government is directed to transport Petitioner to the Tampa, Florida, area at least twenty (20) days prior to the hearing so that he may meet with newly appointed counsel and attend the hearing. Further, the Government is directed to subpoena PATRICK D. DOHERTY, Esquire, to be present at the hearing with his file concerning his representation of Petitioner.

4. Magistrate Judge Thomas G. Wilson is requested to appoint new CJA counsel for Petitioner and instruct said counsel to be prepared to address the issues raised by Petitioner in ground two of his §2255 motion herein.

**DONE** and **ORDERED** in Tampa, Florida on January 21, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Magistrate Judge Thomas G. Wilson
Counsel/Parties of Record
Patrick Doherty, Esquire
United States Marshal

F:\Docs\2008\08-cv-617.evid hrg.wpd